(No. 22947.

THE PEOPLE *ex rel.* Helen Merrill, Petitioner, *vs.* HELEN H. HAZARD, Superintendent of the State Reformatory for Women, Respondent.

*Opinion filed June 18, 1935.*

HERRICK and FARTHING, JJ., dissenting.

Roy R. Cline, for petitioner.

Otto Kerner, Attorney General, (J. J. Neiger, of counsel,) for respondent.

Mr. Justice Shaw delivered the opinion of the court:

The petitioner, Helen Merrill, by this writ of *habeas corpus* seeks to be relieved from imprisonment under a final judgment of the circuit court of Champaign county, where she was found guilty of murder and sentenced to a term of fourteen years in the Illinois Reformatory for Women. The respondent, Helen H. Hazard, is superintendent of that institution.

An indictment charging the petitioner with murder was returned into the trial court on September 25, 1933, which was in all respects regular except that the foreman of the grand jury did not sign his name on the line below the printed endorsement, "a true bill." Upon this indictment the trial judge made his endorsement "without bail," and it was received by the clerk and recorded in the usual way. Petitioner moved to quash the indictment and the motion was overruled. A plea of not guilty was entered and a trial was had, which resulted in a verdict of guilty, fixing the petitioner's punishment at fourteen years' imprisonment. A motion for a new trial was made and overruled and a motion in arrest of judgment followed. While this motion was pending, the court, on motion of the State's attorney, recalled the grand jury and permitted the foreman, in open court, to sign his name on the indictment below the words "a true bill." After this was done the motion in arrest of judgment was overruled.

It is contended by the petitioner that the proceedings instituted against her are a complete nullity; that the indictment without the signature of the foreman under the words "a true bill" was no indictment at all and conferred no jurisdiction upon the court; that permitting the fore-

man of the grand jury to endorse the indictment in open court amounted to its amendment and was void, and that the petitioner should be discharged for want of jurisdiction in the trial court. On the other hand, it is contended by the People that the signature of the foreman is a mere matter of form, without substance, and that the statutory requirement that the indictment be endorsed by the foreman is merely directory. Smith's Stat. 1933, chap. 78, sec. 17.

The case principally relied upon by the petitioner is that of *Nomaque* v. *People,* Breese, 145. This case was decided approximately 110 years ago upon writ of error to the circuit court of Peoria county. Nomaque, an Indian, was indicted for murder, and it appeared from the record that no finding of any kind was endorsed on the bill of indictment. There were other errors argued in the case, but the one bearing on the question we are considering was disposed of in the following paragraph: "On the first point, we are of opinion that it was necessary, in order to give the court the right to try the prisoner, that the grand jury should have endorsed their finding on the bill of indictment, verified by the signature of their foreman. This was indispensable, and as it appears not to have been done the proceedings were *coram non judice.* This objection going to the power of the court to try the prisoner on that indictment, may, although not noticed or urged below, be now urged as cause of error."

The petitioner's counsel has called our attention to decisions in other States where it has been held, on writ of error, that the foreman's omission to sign his name is fatal to the conviction. He has also fairly pointed out to us certain cases holding to the contrary. In the view we take of the matter it is unnecessary for us to review all of those authorities in this opinion. The exact point which we have for consideration has arisen but infrequently and most of the cases in which it has been discussed are of great age. No case has come to our attention wherein the

point has been raised by *habeas corpus.* Some of the courts have held the omission to be fatal on writ of error while others have held the requirement to be merely directory, intended to inform the clerk and judge for the purpose of filing, recording and fixing bail.

The writ of *habeas corpus* may not be used to perform the functions of a writ of error, (*People* v. *Murphy,* 202 Ill. 493; *People* v. *Whitman,* 277 id. 408;) and it is held that it is only where the judgment of conviction is entirely void—not merely erroneous—that a discharge should be granted. (*People* v. *Whitson,* 74 Ill. 20; *People* v. *Foster,* 104 id. 156; Church on Habeas Corpus, sec. 384.) A judgment is not void, even though it may be erroneous, if the court had jurisdiction of the person of the defendant and of the subject matter of the suit and had power to render the particular judgment which it entered, and such a judgment is valid and binding until reversed. (*People* v. *Eller,* 323 Ill. 28; *People* v. *Zimmer,* 252 id. 9; *People* v. *Leavens,* 288 id. 447.) The writ of *habeas corpus* deals only with defects which are so radical as to render the judgment absolutely void. *People* v. *Allen,* 160 Ill. 400.

We are of the opinion that the signature of the foreman of the grand jury is required only as a matter of direction to the clerk and for the information of the court; that its presence or absence does not materially affect any substantial right of the defendant, and that it neither assures to him nor prevents him from having a fair trial. Our holding to the contrary in *Nomaque* v. *People, supra,* is expressly overruled.

The circuit court of Champaign county had jurisdiction over the person of the defendant, and the writ will therefore be denied. The prisoner is remanded to the custody of the respondent. *Writ denied.*

HERRICK and FARTHING, JJ., dissenting.