**People of the State of Illinois, Appellant, v. Charles Faciano & Marvin Davies, Appellees.**

Gen. No. 65–58.

Second District.

January 13, 1966.

William V. Hopf, State's Attorney, and Deward Van de Houten, Jr., Assistant State's Attorney, both of Wheaton, for appellant.

Guerine & Guerine, of Melrose Park, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of DuPage County in which the court granted a motion to quash the indictment on the grounds that it was materially defective in that it was signed by the State's Attorney of DuPage County contrary to the applicable provisions of the Criminal Code, ch 38, section 111–3, subparagraph (b), Ill Rev Stats, and it was not signed by the foreman of the Grand Jury. The indictment was filed January 11, 1965. At the bottom of the first page the State's Attorney of DuPage County signed his name. On the reverse side of the indictment under the typed statement "a true bill," the foreman of the grand jury signed his name.

Ch 38, section 111–3, subparagraph (b), Ill Rev Stats, provides:

> "An indictment shall be signed by the foreman of the Grand Jury and an information shall be signed by the State's Attorney and sworn to by him or another. A complaint shall be sworn to and signed by the complainant."

Defendants contend that this enactment requires the foreman of the Grand Jury to sign at the conclusion of the charging portion of the indictment, and in addition thereto, requires him to endorse the indictment as a true bill, pursuant to ch 78, section 17, Ill Rev Stats. Further, that the signature appearing under the words "a true bill" on the reverse side of the document is not

sufficient to comply with ch 38, section 111-3, sub-paragraph (b), supra.

It appears to us that the provisions of Section 111-3, subparagraph (b), were intended merely to designate the various persons authorized and required to execute an indictment, information and complaint. Defendants seek to distinguish and differentiate the definition of the word "sign" as indicated in section 111-3, subparagraph (b), and the word "endorse" as indicated in ch 78, section 17. We cannot agree with their contention. It appears to us that the provisions of section 111-3, subparagraph (b) were intended by the Legislature merely to designate the various persons authorized and required to execute an indictment, information and complaint. We do not interpret this section as placing an additional burden on the foreman of the Grand Jury to sign the indictment and also to endorse on the reverse side thereof "a true bill."

Although the State's Attorney's signature appears on the face of the indictment we assume this is merely a certification by him that compliance was had with section 112-4, subparagraph (c) wherein it is required that the State's Attorney, or his office, shall prepare the bill of indictment charging a person with an offense. In People ex rel. Merril v. Hazard, 361 Ill 60, 196 NE 827, a habeas corpus proceeding, the foreman of the Grand Jury did not sign the indictment. The court considered the case of Nomaque v. People, 1 Ill 145, wherein the Supreme Court held that it was fatal to the indictment when the foreman of the Grand Jury did not sign the indictment, and then said:

> "We are of the opinion that the signature of the foreman of the grand jury is required only as a matter of direction to the clerk and for the information of the court; that its presence or absence does

not materially affect any substantial right of the defendant, and that it neither assures to him nor prevents him from having a fair trial. Our holding to the contrary in Nomaque v. People, supra, is expressly overruled."

In construing the provisions of the new Code, reference to the comments of the committee which drafted it, following section 111–3 is instructive. The committee comments, in part, are as follows:

"(a) The charge must tell the accused the nature and cause of the accusation against him (Ill Const art II, Sec 9)."

"The main requirement today is simplicity in order that the accused will understand the charge against him."

We are of the opinion that in accordance with the views herein expressed that an indictment endorsed "a true bill" upon which the signature of the foreman of the grand jury appears is sufficient, and meets the requirements of the statutes and the Criminal Code.

The judgment of the Circuit Court is reversed and the case is remanded.

Reversed and remanded.

DAVIS and MORAN, JJ., concur.