People of the State of Illinois, Plaintiff-Appellant, v. Frank J. Vlcek, et al., Defendants-Appellees.

Gen. No. 65–98.

Second District.

March 21, 1966.

Rehearing denied April 28, 1966.

William V. Hopf, State's Attorney, and Edward Van de Houten, Jr., Assistant State's Attorney, both of Wheaton, for appellant.

Edward F. Zahour, and Herbert M. Wetzel, both of Chicago, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by the People of the State of Illinois from an order of the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, entered June 8, 1965, which quashed the indictments filed December 14, 1964, against the defendants herein. The motion to quash recited, and the People admitted, that the defendants

were previously indicted on July 21, 1964, on the same charges; that such indictments were also quashed on defendants' motion; and that thereafter, said defendants were reindicted on December 14, 1964.

The order appealed from stated:

"It Is Ordered, Considered And Adjudged, and the court thereupon finds that the indictment aforesaid failing to comply with Sec 17, Chap 78 Ill Rev Stats (1961) and Sub Sec (c) Sec 112–4, Chap 38, Ill Rev. Stats (1961) as jurisdictional requiring the foreman of the Grand Jury to endorse the indictment returned, as aforesaid, therefore:

"The defendants' motion to quash and suppress the indictment aforesaid is sustained, and so ordered nunc pro tunc the 8th day of June, 1965."

Section 112 of chapter 38 was repealed in 1933 and no section of said chapter bearing this number was reenacted upon the adoption of the Criminal Code of 1963. Section 112–4 (c) as then adopted, provides:

"(c) If 12 grand jurors concur that the evidence before them constitutes probable cause that a person has committed an offense the State's Attorney shall prepare a Bill of Indictment charging that person with such offense. The foreman shall sign each Bill of Indictment which shall be returned in open court."

However, defendants' motion to quash asserted grounds other than improper endorsement of the indictment by the foreman of the Grand Jury, as the basis for the relief sought.

██ The defendants argue on appeal, and the People deny, that sections 111–3(b) and 112–4(c) of the Criminal Code (Ill Rev Stats 1963, c 38, pars 111–3(b) and 112–4(c)) require the foreman of the grand jury to sign at the conclusion of the charging portion of the

180

indictment, and in addition thereto, exact that he endorse the indictment as "A true bill," pursuant to section 17 of an Act concerning jurors (Ill Rev Stats 1963, c 78, par 17); and that the signature of the foreman on the reverse side of the indictment over the words, "A True Bill," is not sufficient to comply with the aforesaid statutes. This identical contention was decided adversely to the defendants by this Court on an appeal from DuPage County, in People v. Faciano, 66 Ill App2d 431, 213 NE2d 587 (2nd Dist 1966).

■ The defendants also urge that the order was proper in that the State's Attorney breached his statutory duty under the provisions of Ill Rev Stats 1963, c 38, secs 106–1 and 106–2, in denying defendants' request that they be permitted to appear before the Grand Jury as witnesses. These sections pertain to the immunity of witnesses; and neither the sections relied upon, nor any cases which have been directed to our attention, support the defendants' contention. However, the Committee Comments on section 112–6 of the Criminal Code (Ill Rev Stats 1963, c 38, par 112–6), which deals with the secrecy of grand jury proceedings, refute such contention in the following words:

> "A prospective defendant has no right to testify before the grand jury, nor has anyone else. In fact, inquiry into the finding of the indictment is prevented in order to preserve the secrecy of the proceedings. The defendant has his chance at the trial. (See Gitchell v. People, 146 Ill 175, 33 NE 757 (1893).)" (SHA c 38, § 112–6, p 276.)

Also see: United States v. Thompson, 144 F2d 604, 605, 606 (CCA 2 1944), an opinion by Judge Learned Hand; and Duke v. United States, 90 F2d 840, 841 (CCA 4 1937).

■ The defendants also contend that they were not properly before the court, since the court acquired jurisdiction over them through the procedure of indict-

ment rather than by preliminary examinations under sections 109-1 and 109-3 of the Criminal Code. (Ill Rev Stats 1963, c 38, pars 109-1 and 109-3.) However, we find no impairment of the court's jurisdiction by virtue of the manner in which the defendants were brought before the court.

The defendants also argue that the indictments were properly quashed because the defendants were not tried within four months of incarceration pursuant to section 103-5(a), (b), (c) and (d) of the Criminal Code (Ill Rev Stats 1963, c 38, par 103-5(a), (b), (c) and (d)). The record reveals that the defendants promptly filed motions to quash the indictments and were promptly admitted to bail on both the original indictments and the reindictments; and that they never made a demand for trial. Consequently, under section 103-5(a) and (b), the rule which defendants seek to invoke is inapplicable.

The defendants also urge that the order quashing the original indictments is "res judicata and estoppel in bar" as to the offenses charged in the subsequent indictments. Section 114-1(e) of the Criminal Code (Ill Rev Stats 1963, c 38, par 114-1(e)), provides:

"(e) Dismissal of the charge upon the grounds set forth in subsections (a)(4) through (a)(10) of this Section shall not prevent the return of the new indictment or the filing of a new charge and upon such dismissal the court may order that the defendant be held in custody or if he had been previously released on bail that his bail be continued for a specified time pending the return of a new indictment or the filing of a new charge."

The order quashing the original, as well as the subsequent indictments, found that they were not properly endorsed by the foreman of the grand jury. Such defect would fall within sec 114-1(a)(5) of the Criminal Code, and under the provisions of subsection (e) thereof, a

new indictment could be returned. The Committee Comments on subsection (e) (SHA c 38, § 114–1), at page 350, state:

"Subsection (e) indicates that subsections (1), (2) and (3) are situations in which trial would be effectively barred in all future cases as well as the present case. Subsections (4) through (10) on the other hand are more in the nature of dilatory pleas and are merely delaying grounds. The grounds therein may be later corrected and new charges filed."

The defendants' argument in this respect cannot be sustained.

The defendants have urged other contentions to sustain the order of the trial court which we have examined and have not discussed, in that they, also, are without merit. Consequently, the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.

MORAN, P. J. and ABRAHAMSON, J., concur.