DOWNEY, JAMES C., Associate Judge.
The Broward County Grand Jury presented an amended indictment against ap-pellee for rape. On the day of his arraignment, appellee filed a motion to dismiss the amended indictment on the ground that it violated Rule 1.140(f), Florida Rules of Criminal Procedure, 33 F.S.A. The trial court granted said motion and the state has appealed.
The indictment, in usual form, charges the appellee with rape. At the bottom of the front side of the instrument there appears the signature of the state attorney, certifying that he has advised the Grand Jury as required by law. On the reverse side of the indictment there appears, inter alia:
“INDICTMENT For Rape
Found Spring Term, A.D., 1968
A TRUE BILL Robert Loftus Foreman.”
Section 905.23, F.S.1967, F.S.A., provides in part:
“An indictment shall not be found without the concurrence of twelve grand jurors. When so found, the same shall be signed by the state attorney, or acting state attorney, and the foreman or acting foreman shall indorse it ‘A true bill,’ sign it, and return it into court.”
The Florida Rules of Criminal Procedure became effective December 31, 1967, and Rule 1.140(f) thereof provides in part:
“An indictment shall be signed by the foreman or the acting foreman of the grand jury returning the indictment.”
It is appellee’s position that since the signature of the Grand Jury foreman appears on the back of the indictment rather than on the front, it was not “signed” as required by 1.140(f), Rules of Criminal Procedure; that the foreman’s name appearing in that location is an “endorsement”, but not a signing. We find this argument to be devoid of merit. The statute directs the foreman to “endorse it ‘a true bill’, sign it, and return it into court.” The rule directs that an indictment “shall be signed *745 by the foreman.” As pointed out above, the foreman endorsed the indictment “A TRUE BILL” and signed it. Neither the statute nor the rule specifies a particular location for the foreman’s signature, and the general rule is that absent a requirement that the signature appear in a certain place, the location of the signature on an instrument is irrelevant. 42 C.J.S. Indictments and Informations §§ 55 and 61. Terrell v. Commonwealth, 1922, 194 Ky. 608, 240 S.W. 81; Sofio v. Glissman, 1953, 156 Neb. 610, 57 N.W.2d 176; 41 Am.Jur. 2d, Indictments & Informations, § 54.
The function of the endorsement and signature is to identify and authenticate the indictment. State v. Huffman, 1955, 141 W.Va. 55, 87 S.E.2d 541. The word endorse relates to designating the instrument “a true bill”. It is not a designation of the place on the instrument where the foreman must affix his signature. 42 C.J.S. Indictments and Informations § 61.
Our research reflects that the Appellate Court of Illinois in several recent cases construing a statute and rule similar to ours, on facts identical to the case at bar, rejected appellee’s position and reversed the dismissal of an indictment. People v. Faciano, 1966, 66 Ill.App.2d 431, 213 N.E.2d 587; People v. Vlcek, 1966, 68 Ill.App.2d 178, 215 N.E.2d 673; People v. Rohwedder, 1967, 78 Ill.App.2d 211, 223 N.E.2d 1.
That the appellee’s position is overly technical is further demonstrated by the fact that Rule 1.140(c), F.R.Crim.P. enjoins the dismissal of an' indictment on account of any defect in form unless the court should be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to danger of new prosecution for the same offense. Surely, the trial judge could not have been of the opinion that the foreman’s signature on the back side of the indictment rather than the front side thereof rendered the indictment so vague, indistinct and indefinite as to mislead the accused, etc. If he was, he should not have been. As stated in Nicholas v. Thomas, Ky.1964, 382 S.W.2d 871:
“ * * [I]ts presence (the foreman’s signature) or absence does not materially affect any substantial right of the defendant; and that it neither assures to him nor prevents him from having a fair trial.’ ”
In Riley v. Commonwealth, 1944, 298 Ky. 687, 183 S.W.2d 958, construing a statute virtually identical to Section 905.23, F.S. 1967, F.S.A., it appeared defendant was indicted and the foreman endorsed “A True Bill” and signed it, not on the back of the indictment, but on the back of a blank form of an indictment, which was in turn stapled to the back of the actual indictment. Defendant contended that the endorsement and signature of the foreman must be on the indictment itself and not on a sheet of paper attached to the indictment. The court held:
“We cannot believe that counsel is serious in making such a contention. Many courts, including this one, have been accused of indulging in hypertechnical criticisms of indictments in criminal cases, but no court within our knowledge has ever gone to the extreme contended for by counsel for appellant.”
Accordingly, the order appealed from is reversed.
WALDEN, C. J., and OWEN, J., concur.