THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD LAMPREY, a/k/a Wayne E. Arnold, Defendant-Appellant.

First District (4th Division)    No. 78-1851

Opinion filed December 27, 1979.

Donald Hubert, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James Veldman, and Bruce Brandwein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, the defendant, Edward Lamprey, was found guilty of attempt murder and armed robbery. He was sentenced to concurrent terms of 18 years in prison for each charge.

The defendant appeals, contending the armed robbery indictment failed to allege specific intent and the remaining indictments were faulty for lack of proper signature and for having been subject to certain tampering. Defendant also challenges the competence of Chicago police officer Wallace Braswell, Jr., to testify as an expert witness on small firearms. Finally, defendant contends the evidence presented did not establish his guilt beyond a reasonable doubt. We affirm the convictions and sentences.

On December 18, 1975, Elizabeth Goode was in her apartment at 3435 West Douglas Boulevard, Chicago, Illinois. With her were several family members including her daughter's friend, Clinzell Bryant. Bryant testified that at about noon that day he and another male visitor left the apartment. They walked down the stairs to the first floor where three men stepped out from behind the stairwell, one armed with a shotgun and another armed with a handgun. Defendant Lamprey was identified by him as one of the three men.

The three men ordered Bryant and the man with him to return to the apartment. They complied with that order. When the three men reached the third-floor apartment, Mrs. Goode's daughter opened the door. The three men pushed their way into the apartment and compelled everyone

to lie down on the floor. They demanded to know where Mrs. Goode kept money hidden. When told it was in the bedroom, two of the men went there and returned with a shopping bag containing $4,000.

As the men came out of the bedroom, there was a knock at the front door. Defendant and another one of the three men ran to the back of the apartment. The sound of a gun being fired was heard by Bryant. One of the men returned to the front room where he picked up an infant and threatened to shoot the child. He then left through the back door of the apartment, carrying the infant with him. Defendant followed him out. The remaining intruder exited through the front door with the bag of money. As this man left the apartment, he was arrested by police officer Lamont Lee.

The State called Officer Wallace Braswell, Jr., who testified that he responded to a burglary in progress at 3435 West Douglas Boulevard, and as he approached the rear of the building he heard a shot. Upon entering the apartment, Officer Braswell learned the intruders had grabbed an infant who was in the apartment, threatened to kill the child, and had left with the child. Braswell ran outside where he confronted defendant who then had the child in his arms. Braswell got close enough to defendant to place his gun to defendant's head. At that point, the defendant, who was armed, pointed his gun at Braswell and attempted to shoot him, but the gun did not fire. A struggle then ensued. Defendant again tried to fire his gun at another police officer. The gun did fire, but the officer was not struck. Once more defendant attempted to shoot Braswell, but again the gun failed to fire.

Officer Braswell testified he had been employed by the Chicago Police Department for the past 8 years and previously had been employed as a railroad police officer. While employed as an officer, he was trained in the use of small arms.

Officer Braswell further testified that after he unloaded defendant's weapon, he found one expended round and four unexpended rounds with the primers on two of the unexpended rounds, showing they had been struck more than once. It was his opinion that the gun failed to fire due to a faulty firing pin or because the ammunition was faulty.

Officer Lamont Lee testified that he and his partner, Officer Braswell, responded to a burglary in progress. Lee asserted that he went to the third floor of the apartment building, saw a man standing outside of an apartment, and, after conducting a protective search of that man, found several packets of money inside his pants. When Lee went back downstairs, he observed Braswell go through the gangway, heard a shot, and saw Braswell and other officers scuffling with defendant.

Officer Radivoj Cvjetnicanin testified he observed defendant holding a gun to the head of an infant. He saw Braswell attempt to arrest

defendant and saw defendant point and fire a gun at him. Cvjetnicanin related that he assisted in wrestling with defendant and effecting his capture.

Defendant testified on his own behalf as to the events relating to the incident on December 18, 1975. Defendant had been dating a young lady who was a heroin addict. The addict customarily purchased heroin from Mrs. Goode. On the day of the incident, the young lady was in jail and she notified defendant that she had left some merchandise in Mrs. Goode's apartment. The merchandise was to be exchanged for heroin. Defendant was asked to go to Mrs. Goode's apartment and to seek help in getting the young lady out on bond. Defendant had arranged to be at the Goode apartment at noon, on December 18.

Defendant further testified that he arrived at the Goode apartment, at 3435 West Douglas Boulevard, about noon, on December 18. He said that as he entered the building he was grabbed by the collar from behind and someone then instructed him not to turn around. He could not identify the individual who spoke to him. Something was placed over his head, and he was told to walk up the stairs. He was pushed up the stairs and into an apartment. He heard someone demand to know where the dope was kept, and he heard a shotgun blast. Defendant was left standing alone. Shortly thereafter, he exited the apartment when a door opened and he could see light. He testified to removing the cover that had been placed over his head and running down the stairs where he noticed a baby crying and a gun lying on the ground. He picked up the baby and the gun and then ran down the stairs until he ran into a man (Officer Braswell) dressed in a corduroy jacket. The man in the jacket ran up to defendant, placing a gun to the defendant's head. Defendant dropped the child and the gun, grabbed for the man's gun, and, as he did, the man's gun fired. He and this man then wrestled with each other. Defendant said that when he heard the man identify himself as police officer Braswell he raised his hands in surrender. Officer Braswell retrieved his gun, grabbed defendant, and punched and kicked the defendant until defendant fell to the ground. Defendant asserted he was then placed under arrest and was taken to the police station.

Defendant's challenge to the armed robbery count of the indictment for failure to allege intent does not withstand examination. In *People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244, the Illinois Supreme Court held that robbery does not require specific intent. Defendant's substantive complaint fails at that point.

■■ As for the challenge of the other indictments for lack of signature, our finding is that any such deficiencies in the returned indictments do not merit their dismissal. Section 112—4(d) of the Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 112—4(d)) provides: "The foreman shall sign each

Bill of Indictment which shall be returned in open court." We find the signature of the foreman of the grand jury is required only as a matter of direction to the clerk and for the information of the court; its presence or absence does not materially affect any substantial right of the defendant, and it neither assures to him or prevents him from having a fair trial. *People ex rel. Merrill v. Hazard* (1935), 361 Ill. 60, 63, 196 N.E. 827, 829.

Of the four original indictments handed down by the same grand jury, only one for attempt murder of Officer Cvjetnicanin contained the foreman's signature. Nevertheless, the identity of the grand jury witness is clear, and Thomas A. Preston is identifiable as the foreman of the grand jury. Thereby, the right of defendant to confront his accusers has been satisfied. The absence of signatures on the other three forms, which were attached to the signed form, does not move this court to disturb the indictments.

■■ In light of our review of the record, any allegation of tampering with the grand jury indictment for unlawful restraint was properly disposed of by the trial court when it dismissed that indictment.

Defendant objects to the use of Officer Braswell as an expert witness. Officer Braswell testified that the indentations on the bullets from the gun seized from defendant were caused by the gun's misfiring. The purpose of his testimony was to further the proof of defendant's intent to kill the police officers. In *People v. Stapelton* (1972), 4 Ill. App. 3d 477, 480, 281 N.E.2d 76, 78-79, the court said:

> "Expert testimony is admissible when the subject matter of the inquiry is of such a character that only persons of skill and experience in it are capable of forming a correct judgment as to any facts connected therewith."

In the instant case, Officer Braswell testified he had used small arms for approximately 9½ years in the course of his police work. Further, he was in the United States Army for 8½ years and while in the Army he received training in arms at the National Armory school in Massachusetts, the small-arms repair school at Fort Benning, Georgia, and the small-arms repair school at Fort Sill, Oklahoma. Officer Braswell further asserted that he had used small arms extensively.

Braswell said that on December 18, 1975, the defendant pointed a gun at his chest. He heard the trigger on the gun click, but the gun failed to fire. Upon later inspection of the gun, he discovered that two of the unexpended rounds found in the gun had been struck more than once at the point of the primer. It was Officer Braswell's opinion that defendant's weapon failed to fire either due to a faulty firing pin or because the ammunition was faulty.

Our interpretation of the facts, contrary to the interpretation made by the defendant, is that testimony from a ballistics expert was not

necessary to establish the fact of the misfiring of the weapon. Ballistics experts have traditionally been utilized to identify a projectile as having come from a particular weapon. The proof in this case is quite different. There is no doubt the evidence clearly discloses that the bullets which were the subject of testimony came from the gun held and used by defendant. The testimony here was offered to establish that twice defendant squeezed the trigger of the gun, and that the firing pin of the gun came into contact with the primers of each round. That mechanical operation could be explained competently by someone with the extensive small arms experience and background of Officer Braswell. The distinction is clear between such an expert witness and one who holds himself out as a ballistics expert. The "thorough and systematic study" approach as the basis for qualification as an expert witness, and as argued by defendant and cited in *People v. Park* (1978), 72 Ill. 2d 203, 380 N.E.2d 795, and *People v. Fiorita* (1930), 339 Ill. 78, 170 N.E. 690 is, therefore, not the applicable test to be used here.

■■ The determination of whether a witness is qualified to testify as an expert lies within the discretion of the trial court. (*People v. Speck* (1968), 41 Ill. 2d 177, 196, 242 N.E.2d 208, 219.) It is sufficient that the expert is familiar with the device and its operation, and the weight to be given to the question of the expert's competency is for the trier of fact. (*People v. Harges* (1967), 87 Ill. App. 2d 376, 382, 231 N.E.2d 650, 654.) We find no abuse of the trial court's discretion in allowing the testimony of Braswell.

■■ Finally, defendant contends that the conviction for attempt murder should be reversed because the evidence fails to establish, beyond a reasonable doubt, that defendant committed the offense. We disagree.

The testimony of Officers Braswell and Cvjetnicanin established there was an encounter with defendant, and defendant pointed his loaded gun at both officers, pulling the trigger each time. Defendant's gun was produced at trial, and it was proved the gun had misfired. Clinzell Bryant, Elizabeth Goode, and Ingrid Goode all identified defendant as the person who forced his way into the apartment and committed a robbery at gunpoint.

The contentions and objections of defendant at trial did not give rise to reasonable doubt. Further, our review of the record reveals the trial court gave instructions appropriately encompassing the theories of each party and properly advised the jury on burden of proof. In our view, the verdict of the jury was proper.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI and LINN, JJ., concur.