(No. 36448.—

The People of the State of Illinois, Defendant in Error, *vs.* Elliott Lewis, Plaintiff in Error.

*Opinion filed September 28, 1962.*

LEONARD E. NEWMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Elliot Lewis, the defendant herein, and Raymond Hall were jointly indicted in the criminal court of Cook County for the crime of unlawfully selling narcotic drugs. When the case came on for trial, the attorney who represented both defendants stated that Hall wished to waive his right to a jury trial. The court stated that the procedure would be to try the defendant Lewis by jury and let Hall sit in throughout the trial of Lewis, and that they would then try Hall after the jury decided Lewis's case. The jury returned a verdict of guilty as to Lewis. Counsel stipulated that the evidence which had been heard on the jury trial

could be considered as the evidence in Hall's case and the court then entered a finding of guilty as to Hall. His conviction was reviewed by us and we affirmed the judgment of conviction. (*People* v. *Hall*, 23 Ill.2d 579.) The case is now before us on a writ of error to review the conviction of the defendant Lewis.

In the *Hall* case the sole contention advanced was that the evidence was insufficient to establish Hall's guilt beyond a reasonable doubt and in that opinion we reviewed the evidence in considerable detail. We do not consider it necessary· to again set forth this evidence except to the extent that it is necessary for an understanding of the issues involved on this writ of error. The principal witness for the State was one William Dantzler who testified that on the day in question, the police gave him three $1 bills after recording the serial numbers of the bills. He then met Hall and gave him the three $1 bills, and Dantzler and Hall went into a restaurant where they met the defendant. Dantzler testified that Hall told the defendant to give Dantzler some narcotics and that the defendant handed a package of narcotics to Hall who in turn handed it to Dantzler. When Dantzler left the restaurant, he gave the police officers the package of narcotics and they went into the restaurant and arrested Hall and the defendant. When they searched the defendant they found the three $1 bills in his pocket, together with some other money.

On Dantzler's direct examination he testified that he had formerly been a narcotics addict but that at the time of the offense he was not a user and that he had not taken any narcotics for about a month or so before the offense. The trial of the cause took place about 6 months after the offense and Dantzler testified that he had not used narcotics since the date of the offense. On cross-examination, counsel asked Dantzler how he took narcotics when he was a user and Dantzler replied that he injected the narcotics into his arm with a hypodermic needle and that the needle some-

times left a scar on his arm. Counsel then asked Dantzler to take off his coat. The prosecutor objected and the court sustained the objection. On this writ of error counsel contends that the trial court erred in sustaining the State's objection to his request. Although counsel did not explain to the trial court the reasons for his request that Dantzler exhibit his arm, such reasons are apparent from the nature of counsel's cross-examination. Dantzler had testified that, although he formerly used narcotics, he had not been a user for more than 6 months. The question of whether a witness is a narcotics addict is an important consideration in passing upon the credibility of a witness for, as we have stated, the testimony of a narcotics addict is subject to suspicion due to the fact that habitual users of narcotics become notorious liars. (*People* v. *Boyd,* 17 Ill.2d 321, 326.) The presence of any scars evidencing a recent use of narcotics would not only affect the credibility of the witness insofar as the recent use of narcotics was concerned, but also might reasonably cast serious doubt upon the truth of the balance of his testimony.

Dantzler was the principal witness for the State and the judgment of conviction must stand or fall upon the credibility of his testimony. The defendant was therefore entitled to attack the credibility of Dantzler by any legitimate method, and in our opinion the refusal of the trial court to compel Dantzler to exhibit his arm foreclosed an attack upon his credibility on the ground that he was currently a narcotics addict. In our opinion this error is of sufficient magnitude to require a reversal of the judgment of conviction.

The record shows that during the course of the trial the trial judge reprimanded the prosecutor for using a document entitled "Narcotics Offender's History Sheet" in his cross-examination of Hall and the defendant. The judge said that the prosecutor has been "flashing" this document befor the jury so that the jurors could clearly see the title

400

thereof. The court warned the prosecutor to put the document away and told him that otherwise he would have some reversible error in the record. Since this cause must be remanded for a new trial, we consider it appropriate to remark that we agree with the statement of the trial judge. The exhibition of such a document before the jury would have the effect of advising the jury that the defendants had a previous record of narcotics arrests or convictions, a fact which would be highly prejudicial to the rights of the defendants.

The other error assigned relates to allegedly prejudicial arguments of the prosecutor in his final argument. It appears that in the argument the prosecutor stated that "both of these fellows are well known on the south side because of the many arrests." Such an argument was improper and should not have been made.

For the reasons assigned herein, the judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial. *Reversed and remanded.*