(No. 40185.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT LEE SMITH, Appellant.

*Opinion filed September 29, 1967.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (FREDERICK F. COHN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM. G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, JAMES KLEIN, and MORTON E. FREIDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Robert Lee Smith, the defendant, was charged with theft of an automobile. He waived a jury trial, was tried and, found guilty by the court, and was sentenced to imprisonment for not less than two nor more than five years. The Appellate Court, First District, affirmed (73 Ill. App. 2d 62), and we granted leave to appeal. The evidence is set out in the opinion of the appellate court, and it need not be restated since the defendant's only contention is that the judgment must be reversed because the prosecution was permitted, over objection, to cross-examine him about his addiction to narcotics and his use of narcotics on the day of the offense, and to introduce rebuttal testimony on the latter point.

The defendant testified and denied any connection with the theft of the automobile. On cross-examination he was asked if he had been addicted to narcotics prior to the date of the offense and, over objection, he answered in the affirmative. He testified that he had not used narcotics on the day of the offense, and that he had last used them about three years previously. He also denied that he had told the arresting officer that he had used narcotics with his co-defendant, Arnold Thomas, on the day of the offense. In rebuttal the State called one of the arresting officers who testified, over objection, that at the police station shortly after the defendant's arrest, he asked the defendant "as to his use of narcotics," and that the defendant "told me then that he was a user of narcotics and had used them on that date in company of Arnold Thomas." The trial judge over-

ruled the defendant's objection to the officer's testimony and denied his motion to strike it, on the ground that the testimony "goes to the credibility of the witness."

The appellate court affirmed, holding initially that "counsel had made it quite clear the purpose of this evidence was for impeachment and consequently we do not feel that defendant was in any way prejudiced thereby." This portion of the opinion was subsequently modified, and the court held that the evidence was incompetent but stated: "It is well settled, in a bench trial of a criminal case, the trial judge is presumed to have considered only competent evidence in arriving at the judgment. * * * If it affirmatively appears that the trial judge considered incompetent evidence prejudicial to the defendant the judgment will be reversed. * * * We have reviewed the record and found that the trial judge did not give weight to the evidence relating to the defendant's use of narcotics in arriving at his judgment and the evidence of defendant's guilt is otherwise clear and convincing."

The People argue that when the appellate court, in its revised opinion, stated that "the testimony regarding the use of narcotics by defendant was incompetent evidence", the court was referring to use of the evidence as tending to prove the offense charged, and not to its use for impeachment. But this position is not tenable. Except as the prosecutor's closing argument that "the defendant's narcotics addiction should be taken into consideration" suggested that the defendant's addiction tended to prove that he had stolen the car, no one appears to have considered that the testimony was admissible for any purpose other than impeachment. The appellate court in its original opinion stated that "counsel had made it quite clear that the purpose of this evidence was for impeachment and consequently we do not feel that defendant was in any way prejudiced thereby." The appellate court's citation of *People* v. *Novak,* 63 Ill. App. 2d 433, in its revised opinion, indicates that it was

holding that the testimony was "incompetent" for impeachment.

But we are unable to agree with the appellate court's statement that "We have reviewed the record and found that the trial judge did not give weight to the evidence relating to the defendant's use of narcotics in arriving at his judgment * * *." The trial judge admitted the evidence on the ground that it "goes to the credibility of the witness," and we have found nothing in the record to suggest that he did not consider it for that purpose.

The question that the parties present for decision is whether or not the credibility of a defendant on trial for an offense unrelated to narcotics may be impeached on the ground that he is addicted to narcotics, or has used them at a relevant time. In *People* v. *Crump*, 5 Ill.2d 251, this court considered, as a question of first impression, "whether or not an accomplice witness can be properly cross-examined as to the witness's drug addiction for the purpose of impeaching the witness's credibility." The crime was murder and the jury had imposed the death penalty. The witness had been indicted as a co-defendant but his case was severed for trial when he was listed as a State's witness. His testimony had "a substantial bearing on the jury's findings and conclusions, both as to guilt and recommendations as to penalty." There was testimony that on the day of the offense, the witness was pale, his eyes were rolling and he was talking foolishly so that he could not be understood. The opinion of this court, at page 255, emphasized that the testimony of an accomplice "is fraught with weaknesses, due to the effect of motives, hope of leniency or benefits, or the effect of fear, threats, hostility, etc.", and held that it was error to sustain objections to questions put to the accomplice on cross-examination as to whether he was a narcotics addict and as to whether on the day of the crime he had bought narcotics.

In its opinion the court referred to the annotation in 15 A.L.R. 912, in which it is stated that the majority of courts apparently hold that because of the collateral nature of the issue it injects into the trial, evidence that a witness is a user of narcotics is inadmissible for the purpose of discrediting his testimony unless it is proved that the witness was under the influence of drugs at the time of the ocurrence to which he testified, or at the time of the trial, or that his mind or memory or powers of observation were affected by his habit. The opinion also pointed out that other courts have held it proper to show "by cross-examination of the witness himself, that the witness is a habitual user of narcotics, and to establish by competent evidence the effect of such use upon the mental faculties of the witness." 5 Ill.2d at 260.

In numerous cases that followed our decision in *Crump,* we have considered the effect to be given testimony that a police informer in a narcotics prosecution is an addict. In many of these cases evidence of the witness's addiction came in as a part of the prosecution's case. In most of them the court was concerned with the probative value of the evidence, not with its admissibility. (*People* v. *Perkins,* 26 Ill.2d 230; *People* v. *Lewis,* 25 Ill.2d 396; *People* v. *Bazemore,* 25 Ill.2d 74; *People* v. *Villalobos,* 20 Ill.2d 315; *People* v. *Boyd,* 17 Ill.2d 321; *People* v. *Judkins,* 10 Ill.2d 445; *People* v. *Hamby,* 6 Ill.2d 559.) In the *Bazemore* case the court emphasized the special dangers inherent in the testimony of narcotics informers, emphasizing their peculiar susceptibility to favorable consideration by police officers. 25 Ill.2d 77-8.

In two cases the court has held that no error was committed when a defendant charged with the illegal sale of narcotics was cross-examined about his past conduct with respect to narcotics. (*People* v. *Dixon,* 22 Ill.2d 513; *People* v. *McElroy,* 30 Ill.2d 286.) In each of these cases, however,

the subject had been opened on the defendant's direct examination, when he testified as to the limited nature of that conduct.

In *People* v. *Battle,* 24 Ill.2d 592, a prosecution for murder, the defendant was questioned on cross-examination about sales of heroin and about a previous admission that he had sold heroin. He denied both the sales and the admission. In rebuttal, a police officer testified that the defendant had admitted selling heroin. The testimony was offered to establish a motive for the killing, but the court held that it was insufficient for that purpose, and reversed the conviction because the defendant had been prejudiced by the testimony concerning other offenses.

In *People* v. *Lewis,* 25 Ill.2d 396, a prosecution for the sale of narcotics, the informer testified that he had not used narcotics for more than six months. The court held that reversible error occurred when the trial court refused to direct him to expose his arm to show whether or not there were scars indicating current or recent addiction. In cross-examining the defendant, the prosecutor used a "Narcotic's Offenders History Sheet" in such a way that the jurors could clearly see the caption. The court said: "The exhibition of such a document before the jury would have the effect of advising the jury that the defendants had a previous record of narcotics arrests or convictions, a fact which would be highly prejudicial to the rights of the defendants." 25 Ill.2d at 400.

This summary of our decisions shows that we have held: (1) in a prosecution for an offense not connected with narcotics, evidence is admissible to show that an accomplice who testifies for the prosecution is addicted to narcotics or had used them on the day of the offense; (2) in a prosecution for a narcotics offense, evidence of narcotics use or addiction on the part of an informer is admissible; (3) evidence of a defendant's use of or addiction to narcotics is admissible in a narcotics prosecution, particularly if the

defendant's past experience with narcotics has been placed in issue by his testimony on direct examination; (4) evidence of a defendant's use of or addiction to narcotics is inadmissible in a prosecution for an offense that does not involve narcotics.

An annotation to the *Crump* case (52 A.L.R.2d 834) indicates that the authorities remain divided as to the admissibility of evidence of narcotics use or addiction to affect credibility. Medical opinion is also divided as to the effect of use or addiction upon the ability of a witness to observe, remember, and recount what he has observed, and a majority of the judges of the New York Court of Appeals have held that a doctor may not testify that narcotics addicts are unworthy of belief in the sense that they are "pathological liars." (*People* v. *Williams,* 6 N.Y.2d 18, 159 N.E.2d 549. See also, *People* v. *Nash,* 36 Ill.2d 275.) The views of some of the medical authorities are collected in the *Williams* case and in *Kelly* v. *Maryland Casualty Co.,* 45 F.2d 782. See also, 16 So. Cal. L. Rev. 333, (1943).

In none of the cases that have been before this court has any question been raised as to the physical effect of use of narcotics, or addiction to them, upon the testimonial capacity of a witness or a party, although in *People* v. *Crump,* where there was evidence of the abnormal appearance and conduct of the witness, the opinion of the court seems to assume such an effect. (5 Ill.2d at 259-60.) Decision in that case, however, and in the other cases in this court, did not necessarily rest upon assumptions as to the physical effect of narcotics use or addiction upon capacity to observe, remember and recount; there was also involved the intense physical craving for the drug, which is undisputed and which makes narcotics users and addicts peculiarly susceptible to pressures. See *People* v. *Bazemore,* 25 Ill.2d 74, 77-8; *People* v. *Boyd,* 17 Ill.2d 321, 326; *People* v. *Hamby,* 6 Ill.2d 559, 562.

In *Williams, Kelly, Nash,* and all of the cases following

*Crump,* except the two involving narcotics offenses, *Dixon* and *McElroy,* it was the credibility of a witness that was impeached, not that of the defendant. This court has noted the distinction between a witness and a defendant with respect to proof of other offenses. (*People* v. *Halkins,* 386 Ill. 167, 178.) That distinction was sharply drawn in *People* v. *Lewis,* 25 Ill.2d 396.

In the present case the defendant had been in custody for more than 80 days before his trial, and it is not suggested that he was under the influence of narcotics when he testified. When the defendant was required to answer, over objection, that he had previously been addicted to narcotics, he was required to testify to other offenses, unrelated to that for which he was being tried. He was also required, over objection, to state whether he had used narcotics on the day of the offense, and when he answered that he had not, a police officer was permitted to testify that the defendant had said that he had used narcotics on the day of the offense. These rulings were erroneous and prejudicial, and because of them the judgment of conviction must be reversed.

Contrary to the assumption of the People there is no proof that the defendant used narcotics on the day of the offense. There is only the testimony of the police officer that the defendant said that he had done so. On the question whether the defendant had in fact used narcotics on that day, the officer's testimony was hearsay. And if the admission of that testimony is sought to be justified as impeachment by a prior contradictory statement, the prior statement is not received for its truth, but only to establish the contradiction. "An inconsistent statement by a witness is not substantive evidence, and its effect is limited to impairing the credibility of the witness." Cleary, Handbook of Illinois Evidence, sec. 3.15.

The judgments of the circuit court of Cook County and

of the Appellate Court, First District, are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.