**People of the State of Illinois, Plaintiff-Appellee,
v. Weldon Burris, Defendant-Appellant.**

**Gen. No. 51,886.**

First District, First Division.

October 27, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Andre Mandeville, Marshall J. Hartman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Thomas M. Walsh, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Weldon Burris, appeals from a conviction of burglary after a jury trial. He was sentenced to a term of 3 to 8 years in the penitentiary.

The defendant contends, on appeal (1) that the trial judge erred by giving the exclusive possession instruction; (2) that this instruction did not satisfy the due process requirements of the Fifth and Fourteenth Amendments; and (3) that impeachment for prior convictions in the context of this case violated the due process clauses of the Fifth and Fourteenth Amendments.

The evidence reveals that on August 9, 1965, at about 11:00 p. m., Stanley Wawrzyniak, while at work in the warehouse of Westinghouse Electric Corporation, located at 2211 West Pershing Road, heard a noise, turned around, and saw a man walking out with an air conditioner. He challenged the man, who then turned toward him and looked at him. Wawrzyniak said that he had an opportunity to see the man's face when he told the man to drop it, but he didn't, and kept on going. Wawrzyniak notified his boss and then with Marvin Pienta and Marvin Bonner began a search outside the warehouse. Pienta testified that they spotted the air conditioner box against a fence in the park across the street. A man jumped up from behind the box and fled. After a chase, the employees apprehended him. Wawrzyniak testified that the man

they apprehended was the same man he had seen earlier in the warehouse. At the trial he identified the defendant as the intruder whom they subsequently found with the box and apprehended. Pienta identified the defendant as the man whom they found behind the box and apprehended.

The defendant, Weldon Burris, took the stand and denied that he had ever been in the warehouse. He explained his presence near the box by stating that his car, parked nearby, had run out of gas and that he was walking across the park to look for a gas station when he heard a commotion across the street. He hid behind a box near the fence and then started to run when people started to run across the street in his direction. He said he was tackled and his arms were held by several men. Burris said he was never in the Westinghouse warehouse, and denied stealing the air conditioner. He testified that he spent the entire evening with Ronald Hudson and others before his car ran out of gas.

Ronald Hudson testified that he, Weldon Burris, and two lady friends were together between 5 and 11 o'clock during the evening in question. About 11:00 p. m. their car ran out of gas, and Burris left them to get gas. When Burris did not return after about an hour, Hudson and the ladies boarded a bus and left.

The defendant complains about the giving of the instruction which reads as follows:

> The exclusive possession, shortly after the commission of a larceny, robbery or burglary, of stolen property, the proceeds of the crime, if unexplained, may of itself raise an inference of guilt of the person having such possession, sufficient to authorize a conviction in the absence of any other evidence of facts or circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person.

■ It is argued that the evidence failed to show that exclusive, personal possession of the stolen property with assertion of ownership by the defendant which is strictly required under Illinois law before the accused can be presumed guilty. We do not agree. The defendant was seen carrying the air conditioner out of the warehouse. He was seen just behind the air conditioner minutes after the burglary. We believe the evidence clearly showed the possession by the defendant of the recently stolen article to be personal, exclusive, and with a distinct implied assertion of ownership which fact was not shown in People v. Mulvaney, 286 Ill 114, 121 NE 229, and People v. Urban, 381 Ill 64, 44 NE2d 885, cited by the defendant.

In People v. Stone, 349 Ill 52, 181 NE 648, the Illinois Supreme Court sustained the giving of the exclusive possession instruction where the defendant's possession of the stolen goods was also in issue. The court stated:

> We do not mean to say that it is proper to give (the exclusive possession instruction) only in cases where the possession is admitted or uncontrovertibly established by the proof. Whether or not the defendant was in possession of stolen property is often a question of fact, and if the proof tends to establish that possession then the instruction may be given regardless of whether the defendant has denied possession or not. At 349 Ill 52, 59, 181 NE 648, 651.

■ It is also contended that once the defendant offered an explanation of his possession of the air conditioner the presumption vanished and the exclusive possession instruction should not have been given. This contention is not valid. The jury was not required to believe the defendant's explanation. Unless the jury did believe his story, which it obviously did not, the possession was not "explained," and the presumption was still valid.

■ The defendant argues that the exclusive possession instruction fails to satisfy the due process requirements of the Fifth and Fourteenth Amendments. In Tot v. United States, 319 US 463, 63 S Ct 1241, the Supreme Court said that for a presumption to be consistent with due process there must be a rational connection between the facts proved and the facts presumed. Since it failed to meet this test, the court in Tot invalidated a statutory presumption that possession of a firearm by a person who has been convicted of a crime of violence or who is a fugitive from justice allows a jury to infer that the firearm was acquired by the person in interstate commerce and received after the effective date of the Federal Firearms Act. Applying this test in other cases, the court in United States v. Gainey, 380 US 63, 85 S Ct 754, upheld a statutory presumption authorizing the jury to infer from his presence at an illegal still that the accused was guilty of carrying on the business of an illegal distillation. While in United States v. Romano, 382 US 136, 86 S Ct 279, the court struck down a presumption that presence at an illegal still, allowed the jury to draw the inference of possession of an unregistered still.

We hold that the exclusive possession instruction satisfies the test of a rational connection between the facts proven and the facts presumed. Proof of possession of stolen property recently after the theft, in the absence of any explanation, shows a strong probability of guilt. This instruction was recently affirmed by the Illinois Supreme Court in People v. Carvin, 20 Ill2d 32, 169 NE 2d 260, cert den 364 US 923.

■ We find no merit to the claim that this instruction exerts intolerable pressure on the defendant to testify and thus penalizes his absolute right to remain silent as guaranteed by the Constitution. The defendant in this case was under no greater pressure to testify than is

any defendant when the prosecution presents a strong case and only the defendant himself can controvert it. ██ ██ The instruction did not deprive the defendant of the determination of his case as contended. It fairly left to the jury the determination of his guilt or innocence predicated on all the facts and circumstances in evidence, together with the admonition that guilt would have to be proven beyond a reasonable doubt. The jury was specifically told that possession was not conclusive. Possession, like presence in Gainey, was one circumstance to be considered among many. It must be remembered that this is not just a case of the exclusive and unexplained possession of recently stolen goods. The defendant was seen carrying the air conditioner out of the warehouse. He was apprehended with it minutes later, and he fled.

██ It is also contended that impeachment for prior conviction in the context of this case violated the due process clauses of the Fifth and Fourteenth Amendments, in that the defendant was precluded from presenting any defense whatsoever. The record shows that the defendant's prior record was elicited by defense counsel on direct examination. The defendant having volunteered the information, even in anticipation of impeachment by the State, is in no position to complain. People v. Kirkwood, 17 Ill2d 23, 31, 160 NE2d 766, 771.

██ The defendant received a fair trial, and we believe the jury was fully justified in its verdict. We find no reversible error in the trial of this case. The judgment of the Circuit Court is therefore affirmed.

Judgment affirmed.

ADESKO, P. J. and MURPHY, J., concur.