(No. 40576, 42946 cons.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT L. STROTHER, Appellant.

*Opinion filed November 30, 1972.*

WARD, J., took no part.

GERALD W. GETTY and JAMES J. DOHERTY, Public Defenders, of Chicago (JUDITH C. SMITH, SHELVIN SINGER and PHIL ALLEN, Assistant Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE, GEORGE PAPPAS and WILLIAM K. HEDRICK, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant-petitioner Robert L. Strother was convicted in a Cook County circuit court jury trial of the unlawful sale of narcotics and sentenced to life imprisonment. Defendant appealed directly to this court. He subsequently filed a petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122–1 *et seq.*) alleging that the prosecutor had used the perjured testimony of a police informant to obtain defendant's conviction, basing the perjury contention on that informant's testimony at a subsequent trial; that petition was dismissed without a hearing, defendant appealed and, on the State's confession of error, we remanded the cause for an evidentiary hearing. (No. 42946, June 21, 1971.) On remand the petition was again dismissed, and defendant's appeal from that dismissal has been consolidated with his direct appeal. Because of our disposition of the direct

appeal we need not consider the allegations of the post-conviction petition.

In his direct appeal defendant contends that the arresting police officer committed perjury, that defendant was prejudiced by the trial court's refusal to sequester that same police officer, that the trial court unduly restricted defendant's cross-examination of the police informer in regards to his narcotics addiction, that the prosecution's refusal to disclose the true name of the informer until trial deprived defendant of his right of effective confrontation, that the trial court erred in failing to instruct the jury that the narcotics had to be knowingly sold, and that the purportedly prerecorded list of serial numbers of money used in the controlled sale was inadmissible hearsay.

The principal prosecution witness was Albert Bradley, a police informer who allegedly made the "controlled" purchase of heroin from defendant with currency, the serial numbers of which were prerecorded by the police. Bradley testified that on May 20, 1966, he met Detectives King and Kelly at police headquarters and informed them he could purchase narcotics from "Bobbie," that he then called defendant and arranged a meeting, that the officers thoroughly searched him, gave him $30 in prerecorded currency and drove him to 62nd Street and Maryland Avenue. He walked to 62nd and Cottage Grove where he met the defendant, gave him the $30 and then accompanied defendant into the adjacent currency exchange where defendant obtained several rolls of coins. They then proceeded to 63rd Street and into an alley where defendant picked up a brown paper bag, removed two tinfoil packets and gave them to him. The informer then returned to Officer Kelly on Maryland Avenue and gave him the packets.

Detective King testified that he had observed the meeting from inside an appliance store at 63rd and Cottage Grove, that he had followed the two men to the entrance

of the alley and had seen defendant pick up a brown paper bag, and that he had arrested defendant in a poolroom after the two men separated and found on defendant two of the prerecorded one-dollar bills. Detective King conceded that he failed to state before the grand jury or in his police report that he had seen defendant pick up a brown paper bag in the alley. At the preliminary hearing he also had stated that Bradley and defendant had entered a chili parlor momentarily after first meeting on the street, a fact not apparent in his trial testimony.

The defendant testified that he was a maintenance man at a tavern at 6229 Cottage Grove Avenue, that on the day in question, after purchasing a bottle of whiskey, he was given $30 by the tavern owner to procure change for the day's business from the local currency exchange; that he had stopped at the chili parlor for coffee when Bradley, a friend of 18 years, entered with his wife. That upon the offer of a drink of whiskey Bradley left his wife and accompanied the defendant to the currency exchange. That they proceeded to an alley where they shared the liquor, and after Bradley left he was arrested while using the phone of a nearby poolroom.

On direct and on cross-examination Bradley admitted that he had been convicted of armed robbery and possession of narcotics, that he had been addicted to heroin from 1948 to 1957, but testified he had not used narcotics since the latter date which was ten years prior to the trial of this cause. We note that the post-conviction proceedings clearly demonstrate that this same informant testified in the trial of another case approximately three months later that he was using narcotics up to a date some 16 or 17 days prior to the trial of this case. During the cross-examination of Bradley, defense counsel, in chambers, asked that he be allowed to examine the witness's arm, outside the jury's presence, for recent needle marks in order to impeach the witness and show him to still be a narcotics addict whose testimony was highly suspect and

worthy of little credence. The trial judge sustained the prosecutor's objection to this request but offered the defendant time to have a physician examine the witness's arm. Defendant argues that this undue restriction on cross-examination of the informant prejudiced his right to a fair trial. We agree.

The accused has a right to cross-examine a witness concerning any matter which goes to explain, modify or discredit what he said on direct examination (*People v. Barr (1972), 51 Ill.2d 50, 51*), and "[t]he question of whether a witness is a narcotics addict is an important consideration in passing upon the credibility of a witness for *** the testimony of a narcotics addict is subject to suspicion due to the fact that habitual users of narcotics become notorious liars. (*People v. Boyd, 17 Ill.2d 321, 326.*) The presence of any scars evidencing a recent use of narcotics would not only affect the credibility of the witness insofar as the recent use of narcotics was concerned, but also might reasonably cast serious doubt upon the truth of the balance of his testimony." (*People v. Lewis (1962), 25 Ill.2d 396, 399.*) In our judgment defense counsel was entitled to examine Bradley's arm for the presence of needle marks and to exhibit the same to the jury if so desired. It is our opinion that inasmuch as Bradley's credibility was the crucial factor in the determination of this case, there being insufficient independent evidence in the record to establish defendant's guilt, the trial court's rejection of defense counsel's request to examine the informant's arm was an abuse of discretion and prejudicial error. (*People v. Lewis (1962), 25 Ill.2d 396.*) That the trial court allowed the defendant the alternative of calling a physician to examine the witness's arm did not render its refusal of defendant's request harmless. The inferences to be drawn from the existence of scars evidencing recent use of narcotics was a question for the jury to determine. Accordingly, we reverse and remand for a new trial. Although unnecessary to our disposition of

this case we deem it advisable, since this case may be retried, to discuss two additional issues.

Defendant contends that the trial court committed prejudicial error in exempting Detective King from its order sequestering witnesses, for he was thus allowed to hear the informant's testimony and to conform his own testimony to that of the informant on three material points. In our opinion the defendant has waived any possible error by his failure to object. The record indicates that immediately after the defendant moved to exclude all witnesses the prosecutor stated he joined in that motion but requested that Detective King remain to assist the prosecution, whereupon the court stated, "Therefore, by agreement of the parties, motion to exclude all witnesses, except Detective King will be allowed to remain in the courtroom with the prosecution." Defense counsel did not object or otherwise indicate disagreement and therefore cannot now claim error. Aside from the question of waiver, however, defendant has not established that he was prejudiced by the trial court ruling. It is well established "that it is not reversible error for a trial judge in the exercise of sound judicial discretion to exempt a police officer from an order excluding all witnesses in the absence of a showing of prejudice to the defendant. (*People v. Chennault, 24 Ill.2d 185; People v. Dixon, 23 Ill.2d 136; People v. Strader, 23 Ill.2d 313.*)" (*People v. Miller (1962), 26 Ill.2d 305, 307; accord, People v. Scott (1967), 38 Ill.2d 302.*) But the accused is not prejudiced merely by the officer's opportunity to hear another prosecution witness testify before he does (*Miller, 26 Ill.2d 305, 307*), and defendant has failed to establish that Detective King committed perjury in order to conform his testimony to that of the informant. We find no direct contradictions between Detective King's preliminary and trial testimony, and, notably, any discrepancies in this witness's testimony were brought out by defense counsel on cross-examination and raised in closing argument. Minor discrepancies in

testimony taken at two different times do not establish perjury nor destroy the credibility of the witness but only go to the weight of the testimony. *People v. Lagios (1968), 39 Ill.2d 298; People v. Clay (1963), 27 Ill.2d 27, 32.*

Finally, defendant contends that a list of serial numbers of the currency used in the alleged purchase was inadmissible hearsay. While that list may have been hearsay evidence—introduced to prove that the serial numbers recorded were in fact those of the currency used in the controlled purchase, it was in our opinion properly admitted under the Past Recollection Recorded exception to the hearsay rule. *People v. Harrison (1943), 384 Ill. 201;* Cleary, Handbook on Illinois Evidence (2d ed. 1963), sec. 17.32.

The judgments of the circuit court are reversed and the cause remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.