The People of the State of Illinois, Plaintiff-Appellee, *v.* James Stadt-man, Defendant-Appellant.

(No. 11857; ▮▮▮▮▮▮▮▮

Fourth District—October 31, 1973.

*Rehearing denied December 12, 1973.*

260

Bruce I. Gordon, of Springfield, for appellant.

Richard A. Hollis, State's Attorney, of Springfield (James W. Jerz and Mary Campbell Wolf, of Model District State's Attorneys Office, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a sentence of 2 to 10 years on a conviction by a jury of theft over $150. The defendant, indicted along with two others, was charged with burglary, theft and unlawful possession of a narcotic drug. Charges against both codefendants were dismissed prior to trial. The court dismissed the drug charge at the close of the People's case and the jury found the defendant not guilty on the burglary charge. A general verdict of guilty was returned on an indictment charging theft under section 16—1 of the Criminal Code. Ill. Rev. Stat. 1969, ch. 38, pars. 16—1(a), 16—1(d).

■■ One assignment of error is that the trial court abused its discretion and coerced a jury verdict by compelling the jury to return to deliberate after they had indicated they were too tired to consider the case further. This record does not support that assertion or that conclusion. The jury began its deliberations at 3:00 P.M. and at 11:00 P.M. were brought into the courtroom where the court inquired whether or not they were making any progress. The forelady said—"In one way we have made headway on it, yes. * * * [W]e're all getting awfully tired. We think we can make progress * * *. * * * [W]e are getting some progress and we're not thinking straight. Maybe if we had a good night's sleep." The jury were returned to the jury room and were brought back 10 minutes later and the court repeated its inquiry. The forelady stated that they were not hopelessly deadlocked. The court inquired whether they wanted to deliberate further than evening and they replied that they could for awhile. They were returned to the courtroom at 12:47 A.M. and on that inquiry, the forelady stated that they were nearly at a verdict. The court asked whether they were too tired to continue. The forelady said that they could reach a verdict in a few minutes. The court then stated— "You are not to deliberate if you feel like you're too tired and I was going to discharge you but I don't want to if you feel you can reach a verdict. I don't want you to feel that you have to stay here and reach a verdict. If you feel and there's nobody objecting against you staying then maybe you ought to go back if that's your wish." The forelady answered—"Okay". The verdict was returned at 1:02 A.M. This colloquy between the court and the jury falls far short of coercion on the part of the trial court and indeed, in our judgment, establishes precisely the opposite and suggests a proper concern for the welfare of the jury and

the appropriate administration of justice. *People v. Canale,* 52 Ill.2d 107, 285 N.E.2d 133.

■■■ The defendant contends that section 16—1(d) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 16—1(d)), in providing that a defendant commits theft when he knowingly "Obtains control over stolen property \* \* \* under such circumstances as would reasonably induce him to believe that the property was stolen, and (1) Intends to deprive the owner permanently of the use or benefit of the property; \* \* \*" establishes no standard by which a defendant is "reasonably" induced to believe that the property was stolen and thus he would not be fairly apprised of the charge which he must defend. The term "reasonable" or "unreasonable" as applied to conduct has been adjudicated as applying sufficient standards by which a defendant may regulate or guide his conduct. (*United States v. Woodard,* 376 F.2d 136.) This assignment of error is without merit.

■■■ The defendant contends that testimony of his smoking marijuana a few days before the incident was improper and highly prejudicial. It must be remembered that he was charged at this time with the unlawful possession of narcotics and that issue was still before the court. It would seem that the evidence was admissible to establish conduct, motive and knowledge of the defendant on this particular charge. (*People v. Cole,* 29 Ill.2d 501, 194 N.E.2d 269; *People v. Wilson,* 46 Ill.2d 376, 263 N.E.2d 856.) The dismissal of the narcotics charge by the court for insufficiency of evidence should eliminate any possible prejudice to the defendant attributable to this testimony.

■■■ The defendant contends it was error for the court to deny his request for a bill of particulars setting forth the time of the commission of the burglary charged, together with other matters. The indictment charged the commission of the crime on November 12. That was the day on which it was discovered. The owners were on vacation at the time and the specific time of the actual burglary was unknown to the People. The caretaker had been in the house on November 10 and nothing was wrong. A van was observed near the scene of the burglary, and on November 12, the defendant helped his friend, to whom the van had been loaned, unload some of the articles stolen from the home. It is apparent that the People could not specify the precise time. It is not error to deny a bill of particulars where the precise time is not known to the People. It is patent realism to state that the People cannot furnish or supply to the defendant information that is not within their knowledge, possession or control. *People v. Gill,* 122 Ill.App.2d 60, 257 N.E.2d 115.

■■■ Error is assigned on the refusal of the trial court to allow dis-

covery of transcripts of the Grand Jury proceeding, the criminal records of prosecuting witnesses and statements of other witnesses, *etc.* The crime, the trial and the sentence were imposed prior to the effective date of the 1970 constitution and prior to the discovery rules adopted by the Illinois Supreme Court, effective October 1, 1971. (Ill. Rev. Stat. 1971, ch. 110A, par. 411.) On the record in this case we cannot say that there was a denial to this defendant of a fair trial in the refusal to furnish the documents requested. It seems apparent that the new rules operated prospectively rather than retrospectively. The motion for discovery was an omnibus motion. Our opinion in *People v. Crawford,* 114 Ill.App.2d 230, 252 N.E.2d 483, was then pending and there was substantial compliance by the State's Attorney's office with that opinion in supplying the information then required. We cannot say that anything then required was refused the defendant nor did the denial of further omnibus discovery preclude a fair trial.

■■ The key issue in this case is whether or not there was sufficient evidence to warrant the question of exclusive possession of the property to go to the jury and whether or not under such circumstances that People's instruction No. 18 was properly given. That instruction read— "If you find that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, you may infer that the defendant obtained possession of the property by burglary or theft." Defendant supported himself by repairing automobiles. He did this work on a rural tract of land upon which there was a house trailer. The actual lessee of the property was a David Williams. The majority of defendant's clothes according to his own testimony were in the trailer and he acknowledged that he had on occasion stated that he would control the noise in the trailer when the neighbors had complained. This trailer was the center of much activity. There were apparently parties there on a nightly basis and anywhere from 3 to 10 people would come to these parties. Williams stayed there at times along with other people including the codefendants who were dismissed in this case. Some of the items stolen were in the defendant's bedroom in the trailer, including pillow cases and sheets, a B-B gun and a bow. Other stolen property was found in a van outside of the trailer. There was testimony that this van was in the area of the house which was burglarized. The van key was generally kept on the defendant's key ring, according to his girl friend, and on November 10, the van had been lent to David Williams and was returned on November 12. Both the defendant and codefendant, Daniel Denny, helped Williams carry items from the van into the trailer. Defendant stated that he had no knowledge that these items were actually stolen. There was likewise testimony that the

defendant did not stay at the trailer every night during the first weeks in November at the time of the burglary. There was sufficient divergence of testimony that the jury might properly consider and determine whether the exclusive control or possession of the property was in the defendant. There was a factual issue for the jury to decide. (See *People v. Nelson,* 109 Ill.App.2d 396, 248 N.E.2d 740.) A review of this record suggests that the van was under the control of this defendant, that the items of personal property found in and near the van and trailer were carried into the trailer by the defendant and others without any questions. In our judgment the giving of the instruction and whether or not the defendant was in exclusive possession is a question of fact for the jury and if so, we should not disturb it nor was it error to give the instruction. *People v. Burris,* 116 Ill.App.2d 79, 253 N.E.2d 628; *People v. Stone,* 349 Ill. 52, 181 N.E. 648.

■■ The last issue is whether or not the trial court erred in denying the defendant probation. Our examination of this issue is limited to a consideration of whether the trial court exercised its sound discretion or acted arbitrarily in denying probation. (*People ex rel. Ward v. Moran* 54 Ill.2d 552, 301 N.E.2d 300.) The record discloses that the defendant was admitted to $30,000 bail on July 12, 1971, pending this appeal. The Sangamon County probation officer recommended probation with the full knowledge that the defendant had been arrested and charged with another crime 11 days after his arrest on this charge. A federal probation officer who had a 15 year acquaintance with the defendant and his family testified that he had no criminal record, had been attending college for about a year, and was 20 years of age. In response to questions from the court, the defendant testified that he had terminated an acquaintance with a known criminal some months before. The trial court stated, "* * * I don't think it's that clear cut for me to say that he ought to or ought not to have probation. I have given this case a lot of thought." He discussed cases presented to him, and then stated in substance that he did not think it would promote the rehabilitation of the defendant to grant probation, that confinement was necessary to protect the public and that it would unduly depreciate the seriousness of the offense if probation were imposed. The trial judge had the opportunity of observing the defendant during the trial and observing him on the witness stand and is in a better position to determine the issues here presented than are we. We cannot say that he acted arbitrarily or abused his discretion nor that he failed to give proper consideration to all relevant factors. Accordingly, the judgment is affirmed.

Affirmed.

TRAPP and SIMKINS, JJ., concur.