THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT A. GERMAN, Defendant-Appellant.

(No. 73-331;

Third District—September 25, 1974.

James R. Standard, Public Defender, of Monmouth, for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a bench trial Robert German, defendant-appellant, was found guilty of driving while intoxicated and was fined $300 by the circuit court of Warren County. He was found not guilty of the charge of disregarding a stop sign. On this appeal defendant argues the court erred in failing to exclude witnesses pursuant to his motion and also that he was not proved guilty of the offense charged beyond a reasonable doubt. This case arises from an incident occurring in the city of Monmouth on January 4, 1973. The truck which defendant was operating was involved in a collision with a police car as it was being operated by a Monmouth city policeman. The collision resulted in property dam-

age to the right side of the police car and the front end of the truck but there were apparently no injuries to the occupants of either vehicle.

Officer Clark, the driver of the police car, signed the complaint against the defendant charging him with disregarding a stop sign. Officer Anderson who was summoned to the scene of the collision to aid in the investigation of the incident signed the complaint charging the defendant with driving while intoxicated.

At the trial before the court without a jury five witnesses testified for the prosecution. Three of the witnesses were occupants of the police car, two were police officers and the third was an off-duty radio operator.

Officer Anderson was the fourth witness to testify and the fifth witness was a citizen who testified seeing defendant driving the truck. Each of the four police officers expressed the opinion that the defendant was under the influence of intoxicating liquor.

After the case was called for trial and the witnesses sworn defendant moved that witnesses be excluded from the courtroom prior to their giving testimony, which motion was granted by the court in part. The court excluded all of the witnesses except the two police officers who had signed the complaints and declined to exclude either of these officers while the other was testifying. This ruling is assigned as error.

■■ It is well established that it is not reversible error for a trial judge in the exercise of sound judicial discretion to exempt a police officer in the absence of a showing of prejudice to the defendant. (*People v. Strother*, 53 Ill.2d 95, 290 N.E.2d 201, and *People v. Jackson*, 58 Ill.App.2d 302, 208 N.E.2d 385.) While it might have been the better policy not to have had both police officers present during the period when other witnesses were testifying on behalf of the prosecution, nevertheless we neither believe the trial court erred nor that any prejudice resulted by the procedure adopted by the trial court.

With respect to defendants' other assignment of error, namely, that the evidence is insufficient to support the conviction, it is our opinion that this objection is without merit. It would serve no useful purpose to set forth at length the testimony of the three police officers and the off-duty radio operator. Each offered his opinion that the defendant was intoxicated and in support thereof described his observations of the defendant, the period during which these observations were made, and included testimony regarding the appearance and conduct of the defendant for varying periods after the collision. Such testimony included the observations that defendant smelled of alcohol, was flushed, had red eyes, had watery eyes and had slurred speech. No tests were administered to determine the defendant's blood alcohol content and it did not

appear that he staggered, was unable to walk or was otherwise impaired in the use of his motor faculties.

■ ■ In arguing the insufficiency of the evidence the defendant has referred to the experience of the officers, the time periods of observation discrepancies in the testimony as well as the paucity of evidence concerning any physical impairment of the defendant. The matters referred to by the defendant go to the credibility of the testimony and in our opinion do not render the testimony of any of the witnesses inherently improbable or unreasonable. Whatever weaknesses there might have been in the testimony were argued at length before the trial court and we find no reason for disturbing the judgment against the defendant.

For the foregoing reasons, the judgment of the circuit court of Warren County is affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.