(No. 46435.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES STADTMAN, Appellant.

*Opinion filed November 27, 1974.*

UNDERWOOD, C.J., and RYAN, J., dissenting.

Thomas F. Londrigan and Robert Weiner of Londrigan, Potter & Billington, of Springfield, for appellant.

William J. Scott, Attorney General, and C. Joseph Cavanagh, State's Attorney, both of Springfield (James B. Zagel and Raymond McKoski, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, James Stadtman, appealed from the judgment of the circuit court of Sangamon County entered upon a jury verdict finding him guilty of theft (Ill. Rev. Stat. 1969, ch. 38, pars. 16—1(a), 16—1(d)). The appellate court affirmed (15 Ill. App. 3d 259), and we allowed defendant's petition for leave to appeal. In a four-count indictment defendant and two co-defendants were charged with burglary (ch. 38, par. 19—1), possession of marijuana (ch. 38, par. 22—3), and two counts of theft (ch. 38, pars. 16—1(a) and 16—1(d)). At the close of the People's case the trial court allowed defendant's motion for directed verdict on the marijuana charge. The jury found defendant not guilty of burglary and guilty of theft.

The record shows that on the day before trial all four counts of the indictment were dismissed as to Michael Dagley, one of the co-defendants, and he was called by the People to testify at defendant's trial. On direct examina-

tion he was asked, "Mr. Dagley, calling your attention to the week prior to November 17, 1970, did you ever see Mr. Stadtman smoke any marijuana?" Over defendant's objection, the court permitted the witness to answer "yes."

Defendant contends that the admission of evidence of his prior use and possession of marijuana was reversible error. Citing *People v. Killebrew*, 55 Ill.2d 337, the People argue that "in order to preserve error for review counsel must timely object on specific grounds," and that in objecting to Dagley's testimony only on the ground that it was "irrelevant" defendant waived objection to its admission on the ground that it was prejudicial. Evidence which tends to prove guilt is always prejudicial to a defendant charged with commission of a criminal offense, and we are aware of no authority for the People's position that "prejudice" is a ground for objection to its admission. In objecting to the admission of the testimony as irrelevant defendant did not, as contended by the People, waive the error resulting from its being admitted.

The People argue that the evidence of the prior possession and use of marijuana was admissible to prove defendant's "guilty knowledge" of the offense for which he was charged. The appellate court, citing *People v. Cole*, 29 Ill.2d 501, and *People v. Wilson*, 46 Ill.2d 376, stated: "It must be remembered that he [defendant] was charged at this time with the unlawful possession of narcotics and that issue was still before the court. It would seem that the evidence was admissible to establish conduct, motive and knowledge of the defendant on this particular charge." 15 Ill. App. 3d 259, 262.

The general rule is that evidence of crimes other than those charged is inadmissible. (*People v. Peto*, 38 Ill.2d 45.) The exception to this rule applies when the evidence is independently relevant to prove motive, intent, identity or some other issue connected with the crime charged. (*People v. Lehman*, 5 Ill.2d 337.) Thus, in *Cole*, evidence

of the unlawful sales of narcotics by defendant to a Federal agent on July 20 and September 26 was admitted in defendant's trial for an unlawful sale to the same agent on October 10 to "explain and lend credence to the otherwise unrealistic ease with which the Federal agent managed the controlled sale on October 10." (29 Ill.2d 501, 505.) In *Wilson,* evidence that the defendant had made an unlawful sale of narcotics at an apartment was admitted, in his trial for unlawful possession of narcotics found at the apartment one hour later, to refute defendant's contention that he had no knowledge of the narcotics and that they belonged to other persons present in the apartment. Here the testimony concerning defendant's prior possession and use of marijuana would prove nothing other than his propensity to commit the offense with which he was charged, and in admitting it into evidence the trial court erred. *People v. Rivas,* 5 Ill.2d 556.

The People contend that assuming, *arguendo,* that the trial court erred in admitting the testimony concerning defendant's prior possession and use of marijuana, the error was harmless for the reason that it had no prejudicial effect on the theft count of which he was convicted. In support of this contention the People point out that the jury acquitted defendant of the burglary charge and argue that "the use of marijuana is accepted by a substantial portion of the community." In rejecting defendant's contention that the evidence was prejudicial, the appellate court said: "The dismissal of the narcotics charge by the court for insufficiency of evidence should eliminate any possible prejudice to the defendant attributable to this testimony." (15 Ill. App. 3d 259, 262.) We do not agree. "Where error is shown to exist, it will compel reversal, unless the record affirmatively shows that the error was not prejudicial." (*Duffy v. Cortesi,* 2 Ill.2d 511, 517.) The erroneous admission of the testimony of defendant's use of narcotics was clearly prejudicial (*People v. Smith,* 38 Ill.2d 237; *People v. Battle,* 24 Ill.2d 592) and the

judgment must, therefore, be reversed.

The judgments of the Appellate Court for the Fourth District and the circuit court of Sangamon County are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE UNDERWOOD, dissenting:

Even conceding the inadmissibility of the testimony relating to defendant's earlier use of marijuana, it did not, in my judgment, constitute reversible error. That the jury was not thereby prejudiced against defendant seems to me rather clearly established by the not guilty verdict on the burglary.

MR. JUSTICE RYAN, also dissenting:

I do not agree that the admission of the testimony of the defendant's prior use of marijuana was prejudicial error.

At the time that the alleged prejudicial testimony was given, defendant was being tried for the offenses of theft, unlawful possession of a narcotic drug (marijuana) and burglary. Apparently the defendant's counsel was not concerned about evidence of the narcotics charge being prejudicial to the defendant or that such evidence would influence the jury against the defendant insofar as the other charges were concerned because no motion was made by the defendant to try these cases separately. Such a motion could have been made under section 114—8 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1969, ch. 38, par. 114—8.) Inasmuch as his client was being tried for possession of narcotics (marijuana), he must have realized that relevant testimony concerning the defendant's connection with narcotics would be offered and presented to the jury. If he thought that such testimony was inflammatory or would prejudice the jury against his client he should have moved to have the charges tried separately.

The record discloses that the testimony concerning the defendant's prior use of marijuana was offered in connection with the possession-of-narcotics charge and not for the purpose of discrediting the defendant in the eyes of the jury in relation to the other charges. The conference at the side bar when the question concerning the defendant's prior use of marijuana was first asked and objected to clearly shows this to be the case. This court has held that in the trial of a narcotics charge evidence of a narcotics offense other than the one for which the defendant is being tried is admissible when such evidence is relevant to prove the defendant's identity, his guilty knowledge or to show his design or system. (*People v. Cole,* 29 Ill.2d 501, 503.) The appellate court properly held in this case that the evidence of the defendant's prior use of marijuana had been properly admitted in connection with the possession-of-narcotics charge. If the defendant would have been found guilty of the possession-of-narcotics charge the admission of the testimony would not have been error. Therefore, I cannot understand why this evidence should constitute error when there has not been a conviction of a narcotics charge but a conviction of one of the other charges (theft) which defense counsel permitted to be tried with the narcotics charge.

The reliance of the majority opinion on *People v. Smith,* 38 Ill.2d 237, is misplaced. In that case the defendant was charged with theft of an automobile. He testified in his own defense, and on cross-examination he was asked if he had been addicted to the use of narcotics prior to the date of the offense. He admitted that he had been. The question presented to this court in that case was whether or not the credibility of a defendant on trial for an offense unrelated to narcotics may be impeached by showing that he was addicted to narcotics or had used them at a prior time. The objected-to testimony in our case was not offered for the purpose of impeaching the credibility of the defendant on trial for an offense

unrelated to narcotics. The defendant was being tried for a narcotics offense, and the evidence was offered for purposes approved in *People v. Cole.* In fact, in *Smith,* the court summarized the prior decisions of this court concerning evidence of prior use of narcotics and stated that evidence of a defendant's prior use is admissible for certain purposes in cases where the defendant is being tried on a narcotics charge.

Further disagreement with the court's opinion concerns the statement near the end of the opinion that "Where error is shown to exist, it will compel reversal, unless the record affirmatively shows that the error was not prejudicial." Although, as above argued, I do not think the testimony concerning the defendant's prior use of marijuana was error, in any event, the record plainly demonstrates that the defendant was not prejudiced by the fact that the jury heard this testimony. The defendant was being tried for the offenses of burglary, theft, and possession of narcotics. At the close of the People's case the court allowed the defendant's motion for a directed verdict as to the possession-of-narcotics charge, and the case went to the jury on the theft and burglary charges. The jury returned a not guilty verdict on the more serious charge of burglary and found the defendant guilty of theft. During the course of deliberation the jury requested additional instruction on the law of theft. These facts indicate to me that the jury seriously and conscientiously considered and decided the case and reached its decision based on the law and the facts. These facts do not indicate to me that the verdict of the jury was brought about by prejudice against the defendant caused by the testimony concerning his use of marijuana.

For these reasons, I would affirm the judgment of the appellate court.