THE CITY OF PEKIN, Plaintiff-Appellee, *v.* DAVID OLTMAN,
Defendant-Appellant.

Third District    No. 75-390

Opinion filed July 9, 1976.

Bernard L. Oltman, of Pekin, for appellant.

Brian M. Nemenoff, City Attorney, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This proceeding is an appeal from a judgment entered after a bench trial against the defendant-appellant, David Oltman, in the amount of $200 in an action brought by the City of Pekin for the violation of section 14—802 ("Driving While Intoxicated") of the Pekin Municipal Code.

No court reporter was present to transcribe the proceedings. Accordingly, a certified report of proceedings filed by the trial judge has been filed in this court and is the basis for defendant's appeal. The only question raised on this appeal is the defendant's claim the City's Exhibit Number 2, the reports of two breathalyzer tests administered to defendant, was erroneously admitted because the officer administering the tests did not testify.

The only person to testify on behalf of the City was Officer Bates, the arresting officer whose testimony detailed the events leading up to the defendant's arrest. The officer's testimony included his observations of the defendant's conduct supporting his conclusion the defendant was driving his motor vehicle while intoxicated. Thereafter, two breathalyzer tests were given the defendant each indicating blood alcohol content of .16 percent and .20 percent respectively. The reports of the breathalyzer tests indicated they had been administered by Officer Burres who did not testify in the case.

So far as the transcript of proceedings is concerned, it appears at the close of the City's evidence the defendant moved to dismiss the charges

for want of sufficient evidence of identification of the defendant. This motion was denied. The defendant testified on his own behalf and at the close of the evidence the defendant moved again for dismissal based on the insufficiency of the identification testimony. This motion was also denied. Thereafter the defendant was found guilty and assessed a fine of $200.

On this appeal the defendant argues Exhibit Number 2, being two breathalyzer tests, was erroneously admitted by the trial court because the officer administering the tests did not testify. (See *People v. German*, 22 Ill. App. 3d 389, 317 N.E.2d 113; *People v. Harges*, 87 Ill. App. 2d 376, 231 N.E.2d 650; *Novicki v. Department of Finance*, 373 Ill. 342, 26 N.E.2d 130; *Kennedy v. Modern Woodmen of America*, 243 Ill. 560, 90 N.E. 1084; *Marshall v. Chicago & Great Eastern Ry. Co.*, 48 Ill. 475.) However, there is a threshold question which is necessary to consider, namely, whether the error now complained of was properly preserved for review. In our opinion it was not.

From the transcript of proceedings there is no indication the defendant ever questioned or objected to the admission of the exhibit now complained of. Failure to make a timely objection may be considered a waiver thereof. We believe this rule is particularly applicable to the facts of this case because a timely objection might well have permitted the City to call the officer in question to testify, thus permitting the defendant to raise by way of cross-examination those issues which he now claims are the reasons for excluding such exhibit as hearsay evidence. In our opinion defendant's claim of error presented for the first time on appeal comes too late.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.