An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN CHRISTOPHER NINO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65991

**FILED**

MAY 0 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of felony diversion of funds. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant John Nino entered into a landscaping agreement with Robert Kraft to complete the landscaping for Kraft's home. After receiving full payment, Nino stopped working on the project. Nino failed to return the funds or finish the project. The State charged Nino under NRS 624.750(3), which prohibits receiving money for a job but then diverting those funds to a different purpose without finishing the job.[1] The jury returned a guilty verdict.

---

[1]NRS 624.750(3) says, in relevant part:

> It is unlawful for a person to receive money for the purpose of obtaining or paying for services, labor, materials or equipment if the person:
>
> (a) Willfully fails to use that money for that purpose by failing to complete the improvements for which the person received the money . . . ; and

*continued on next page . . .*

15-13397

Nino argues on appeal that the State did not present sufficient evidence to prove that he diverted project funds to another purpose. We agree.

"When determining whether a verdict was based on sufficient evidence to meet due process requirements, this court will inquire 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (quoting *Koza v. State*, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984)). Here, the State did not present any evidence that Nino diverted the funds to another purpose. The State did not even present evidence showing that Nino pocketed the funds. Indeed, Kraft testified that it was possible Nino simply inefficiently spent the funds on the project. The State did not present any bank statements, receipts, or testimony regarding Nino's spending on the project.

The only evidence purported to show the project's costs consisted of photographs of the property before and after Nino's landscaping. From these photographs the jury was asked to conclude that Nino could not have spent all of the money on the project. Yet the State does not explain how the jury could have calculated, without financial evidence or contracting expertise, how much Nino spent on the project. *Cf. Watt v. Nev. Cent. R.R. Co.*, 23 Nev. 154, 174-75, 44 P. 423, 428-29 (1896)

---

*. . . continued*

     (b) Wrongfully diverts that money to a use other than that for which it was received.

("Neither courts nor juries are permitted to assess values on conjecture." (internal quotation omitted)).

The State also relied on an email in which Nino vaguely mentions an unidentified addiction. This email does not establish that Nino diverted the money to his addiction. Evidence of an addiction may be admissible to show *motive* for a criminal act, but it does not show that a criminal act unrelated to illicit narcotics use actually occurred.[2] The issue in this case is whether Nino diverted the money to another use, not whether he had a motive to do so.

No rational trier of fact could have concluded beyond a reasonable doubt that Nino did not use the project payments toward completion of the project. The State did not present any evidence of his financial dealings. And no expert or lay testimony informed the jury how much money Nino spent on the project or how much he allegedly diverted. We therefore reverse the judgment of conviction. Because we reverse on sufficiency of the evidence, we do not need to address whether the

---

[2]*See, e.g., People v. Cardenas*, 647 P.2d 569, 573 (Cal. 1982) ("[I]n cases where the object of the charged offense was to obtain money or an item other than narcotics, evidence of the accused's narcotics use has been uniformly found inadmissible." (citations omitted)); *People v. Felix*, 28 Cal. Rptr. 2d 860, 864 (Ct. App. 1994) (stating that, where there was evidence that the defendant stole items to purchase drugs, evidence of drug addiction is admissible to establish motive); *People v. Smith*, 231 N.E.2d 185, 188 (Ill. 1967); *State v. Mazowski*, 766 A.2d 1176, 1183, 1185 (N.J. Super. Ct. App. Div. 2001) (reasoning that motive was not a material issue in the case and holding that establishing motive did not justify "admitting such tangentially relevant but overwhelmingly prejudicial evidence").

prosecution's arguments at trial improperly shifted the burden of proof. Accordingly, we

ORDER the judgment of the district court REVERSED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Michelle Leavitt, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk